CALIFORNIA FIG SYRUP CO. *v.* IMPROVED FIG SYRUP CO.

*(Circuit Court, N. D. California.  May 23, 1892.)*

1. TRADE-MARKS—FRAUDULENT IMITATION—EVIDENCE.
  Complainant, "California Fig Syrup Co.," manufactured a syrup from figs, and put it up in packages, having as a device thereon a fig tree, with leaves and fruit, and the words "Syrup of Figs," as a trade-mark. Respondent, "Improved Fig Syrup Co.," made and put up the same article in a package with the same device and the words "Improved Syrup of Figs" as a trade-mark. Respondent, on remonstrance, changed its device to the figure of a woman holding up a fig, with the words "Fig Syrup" as a trade-mark, all of which occupied the same place and space on the package as complainant's device, and was, besides, an imitation of complainant's newspaper advertising device. *Held,* that complainant was entitled to an injunction.

2. SAME—EFFECT OF PLAINTIFF'S DECEPTION.
  The fact that plaintiff's trade-mark, "Syrup of Figs," being merely descriptive, was deceptive as a designation of the compound, did not affect plaintiff's right to an injunction; the matter in controversy being, not the right to the exclusive use of the words, but respondent's simulation of complainant's devices and packages with a view to deceive customers.

3. SAME—PLEADING.
  An objection to the bill on the ground that it was uncertain whether complaint was made of the use of the words "Fig Syrup" or "Syrup of Figs" by themselves or in combination with other words, devices, etc., could not be sustained; it being enough, for the purposes of a demurrer, that complainant was entitled to relief in respect of the combined use, which was clearly set forth in the bill.

4. SAME—PARTIES,
  The bill alleged that respondents B. and others were using respondent corporation as a means of infringement, they being themselves substantially the corporation. *Held,* that there was no misjoinder in making them parties defendant.

In Equity. Suit by the California Fig Syrup Company against the Improved Fig Syrup Company. On demurrer to the bill. Overruled.
*Olney, Chickering & Thomas* and *Paul Bakewell,* for complainant.
*John L. Boone,* for respondent.

McKENNA, Circuit Judge, *(orally.)* This is a case of infringement of a trade-mark. There is a demurrer to the complaint, and a motion for an injunction. The granting of the latter is dependent upon the action of the court on the former. The basis of the suit is the effort of the respondent to imitate the trade-mark of the complainant, and to thereby represent to the public that its goods are those of complainant. If the bill shows this, the complainant is entitled to relief. In *McLean* v. *Fleming,* 96 U. S. 245, the court say:

"It is not necessary, in order to give the right to an injunction, that the specific trade-mark should be infringed, but it is sufficient if the court should be satisfied that there was intent on the part of the respondent to palm off his goods as the goods of complainant, and that he persists, after being requested to desist."

Citing *Woollam* v. *Ratcliff,* 1 Hem. & M. 259. To the same effect is *Pierce* v. *Guittard,* 68 Cal. 68, 8 Pac. Rep. 645.

The bill alleges a high reputation of complainant's compound, acquired by its virtues and by extensive and expensive advertising, and also describes complainant's trade-mark, the form and size of the bottle, and package used by it, and illustrates them by exhibits. It also describes the imitations of respondent, and illustrates them by exhibits. The

exhibits are identical in form, size, and in device. The respondent changed its device, retaining all other resemblances. The complainant is called "California Fig Syrup Company," and its article "Syrup of Figs;" the respondent is called "Improved Fig Syrup Company," and its article "Improved Syrup of Figs." The latter letters are displayed on the package in large type, imitating not only complainant's name, but the style of letters, while the word "Improved" is printed in small type. The respondent changed its device from a branch of a fig tree, with leaves and fruit,—an exact imitation of complainant's device,—to the figure of a woman holding up temptingly a fig in one hand, and holding under the arm of the other a basket of figs; and instead of "Syrup of Figs" there is substituted "Fig Syrup." The new device, with its accompanying words, occupies exactly the same space and place on the box as complainant's device, and is, besides, an imitation of a device of complainant used in the newspaper advertisement. It is evident, therefore, to use the language of Justice CLIFFORD in *McLean* v. *Fleming*, "that the general appearance of respondents' device is such as would be likely to mislead one in the ordinary course of purchasing the goods, and induce him to suppose that he was purchasing the genuine article." This is similitude enough, and (on the case as it now stands) there is no doubt of respondent's intention. Its first and almost exact imitation of complainant's packages and device showed, not the advertisement of a new article with a reputation yet to make, but the counterfeiting of an old article with a reputation already made; and the change in the device was and is an attempt to preserve the deceit, and yet avoid liability for it.

But respondent urges that the words "Syrup of Figs" are descriptive, and that complainant deceives when it uses them to designate its compound. The deceit does not appear on the face of the bill, and it is unimportant if they are descriptive. The question is now, not whether complainant has the exclusive right to use the words "Syrup of Figs" or "Fig Syrup," but it is whether respondent has, by use of them and other words, and by the other imitations alleged and exhibited, so far imitated the form of complainant's device and description to represent its goods as its goods, and appropriate its reputation and trade. The *gravamen* of the action is the simulation of complainant's devices and the deception of purchasers. This is the principle of the best-considered cases, uniting them, notwithstanding their diverse facts. *Burton* v. *Stratton*, 12 Fed. Rep. 696; *Baking Powder Co.* v. *Fyfe*, 45 Fed. Rep. 799; *Nerve Food Co.* v. *Baumbach*, 32 Fed. Rep. 205; *Anonyme, etc., Societe* v. *Western Distilling Co.*, 43 Fed. Rep. 417.

Respondent also demurs to the bill on the ground that it is uncertain whether it complains of the use of the words "Fig Syrup" or "Syrup of Figs" by themselves, or complains of them in combination with other words, the wrappers, etc. The complainant prays for an injunction against their use disjoined or conjoined with the other words and devices used by respondents. It is not necessary now to pass upon both claims for relief; it is enough, for the purposes of this demurrer, that complainant is entitled to the latter claim.

Respondent also urges that there is a misjoinder of parties defendant. I do not think so. The bill alleges that the respondents, Bishop *et al.*, are using the corporation but as a means of infringement; that they are substantially the corporation. In the case of *Nerve Food Co.* v. *Baumbach, supra,* the Star Bottling Works, a corporation, was joined with the respondent Baumback, under the same circumstances, the corporation, namely, belonging to him. Besides, it is doubtful if the respondents, Bishop *et al.*, have not waived this point by not demurring separately. The demurrer is overruled.